UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6181-CR-HUCK
CASE NO. 00-6324-CR-HUCK



UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHN RAFFA,

        Defendant.
_____/

GOVERNMENT'S RESPONSE TO DEFENDANT RAFFA'S
OBJECTIONS TO THE PRESENTENCE INVESTIGATION
REPORT AND INCORPORATED MEMORANDUM OF LAW

    The United States of America, through its undersigned Assistant United States Attorney, files this response to defendant Raffa's objections to the Presentence Investigation Report (P.S.I.). The government will address each objection in turn.

    N.   <u>Factual Disputes</u>

    1.   Paragraph 7, page 6 - The investigation of McFliker commenced in 1998, and the P.S.I. should be corrected in that regard.

    2.   Paragraph 22, page 9 - The P.S.I. correctly describes Raffa as having counted the money along with codefendant Fuller. The defendant's actions are evidenced by the videotape of the delivery of the money prior to the defendant's arrest on April 13, 2000.

    3.   Paragraph 23, page 9 - Although both Raffa and codefendant Fuller stated during a surreptitiously recorded



conversation in the police car after the arrest that Raffa was not "getting anything out of it," (the laundering of the money), that statement is in direct conflict with what was said in post-arrest statements by both the defendant and codefendant Fuller. As reflected in the P.S.I. at paragraph 23, page 9, codefendant Fuller stated that he had agreed to pay Raffa 2% to 3% of the $100,000 as a commission. In a post-arrest statement given by Raffa, he stated that he was expecting to receive $2,000 from codefendant Fuller.

4. Paragraphs 26 and 27, page 10 - The P.S.I. states that Raffa helped prepare and submit the two applications for social security cards which are the subject of the Information, Case Number 00-6384-CR-HUCK. The government is prepared to offer evidence at the sentencing hearing supporting this statement. At minimum, on each of these applications, Raffa completed each form, noting the documents which supported the alien's right to a social security card as well as signing the form as the authorizing social security employee.

As to paragraph 27, the correct date for the application by Willen Van Maanen should be on or about February 14, 2000.

5. Paragraph 68, page 16 - The government takes no position on this objection having no independent evidence concerning the money market account.

6. Paragraph 72, page 16 - The government takes no position on this objection.

B.  <u>Sentencing Issues</u>

1.  <u>Promotion vs. Concealment</u>

The defendant argues that the base offense level should be 20 rather than 23. The government agrees.

The plea agreement provides at paragraph 7a that the appropriate guideline under all the circumstances of the offense should be level twenty (20). Although this is a non-binding recommendation to the Court, the government believes it is the appropriate base offense level to be utilized in this matter.

The transcripts of the recordings between the undercover officer and the defendants, as described in the P.S.I., indicate that their conversations all focused around "cleaning" the undercover's money. Therefore the evidence clearly supports the underlying objective of concealment (18 U.S.C. 1956(a)(1)(B)(i), and the base offense level of 20. Neither the government's proffer at time of the entry of the plea nor the offense conduct in the P.S.I. supports the object of promotion. Therefore a base offense level of 20 is the proper one to be applied to this defendant, as will be the case of codefendant McFliker.[1]

---

[1] Defendant's objections also makes reference to the pleas entered by the codefendants, which permitted them either a lower base offense level or a level of 20. As to codefendant Fuller, he was the first defendant to come forward, offer to plead guilty and to cooperate with the government. Both for that reason and his family situation, the government permitted Fuller to plead to a lesser charge. And as correctly described in the defendant's objections, codefendant McFliker was permitted to plead guilty to an Information which designated only concealment as its object. The government, however, does dispute defendant's argument that he was the least culpable of the three coconspirators.

3

2.   2X1.1

The government joins in the defendant's contention that 2X1.1 should be applied, giving a three level reduction. The recommendation that 2X1.1 should be applied to the defendant's situation was a provision of the plea agreement. Although not binding on the Court or probation, the government believes that the P.S.I is incorrect in its assessment that 2X1.1 applies only to conspiracies charged under 18 U.S.C. 371, 372 or 2271 (P.S.I. ¶ 83 at 18). Attached is a copy of an unpublished decision of the Eleventh Circuit in United States v. Livingston, Case Number 97-5793, decided on February 24, 1999. In that case, Livingston was charged with a money laundering conspiracy under 1956(h). The Eleventh Circuit held the district court committed plain error by not considering the possible application of 2X1.1 of the sentencing guidelines. The sentence was vacated and the case remanded for resentencing. As the Court stated, it had previously held in United States v. Khawaja, 118 F.3d 1454 (11th Cir. 1997) that "it was plain error for the sentencing court not to apply section 2X1.1 to determine the offense level when the defendants had been convicted of money laundering and conspiracy to commit money laundering." Id. at 7.[2] There is absolutely nothing in guideline section 2X1.1 or its application notes which indicates that this section should not be applied to a 1956(h) conspiracy and

---

[2]   Although Khawaja charged a 371 conspiracy, the Eleventh Circuit never considered this a distinction in determining whether 2X1.1 should be applied.

Livingston makes it clear that 2X1.1 must be considered in a situation such as the instant case or it will be plain error.

2X1.1(b)(2) of the sentencing Guidelines provides for a three level reduction for a conspiracy

> unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.

As described in the P.S.I., the only step taken toward the laundering of the undercover's money was the acceptance of the $100,000 from the undercovers. None of the additional steps which would have been necessary to complete the laundering of the money had been taken nor did it appear that those acts were about to be completed. Rather, these conspirators seemed to have been a long way from accomplishing the objectives of the charged conspiracy.

Therefore, for all these reasons as well as those to be raised at the sentencing hearing, the government submits that 2X1.1 should be applied to the defendant.

## CONCLUSION

WHEREFORE, the government respectfully requests that the Honorable Court rule consistent with the government's requests.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*
DIANA L.W. FERNANDEZ
Assistant United States Attorney
Court ID #: A5500017
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida  33394
Telephone: (954) 356-7392
Facsimile: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to the below named on 30th this day of March, 2001.

David G. Vinikoor, Esquire
420 S.E. 12th Street
Fort Lauderdale, FL 33316

Patricia Borah
U.S. Probation Office
501 South Flagler Drive, Suite 400
West Palm Beach, FL 33401

DIANA L.W. FERNANDEZ
Assistant United States Attorney